UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| OMAR R. HERNANDEZ-RIVERA, | : | Hon. Noel L. Hillman |
| | : | |
| Petitioner, | : | Civil No. 16-0551 (NLH) |
| | : | |
| v. | : | |
| | : | OPINION |
| J. HOLLINGSWORTH, | : | |
| | : | |
| Respondent. | : | |
| | : | |

APPEARANCES:

> OMAR R. HERNANDEZ-RIVERA, #33160-069
> FCI Fort Dix
> P.O. Box 2000
> Fort Dix, NJ 08640
> *Petitioner Pro Se*

> DAVID VINCENT BOBER, ASSISTANT UNITED STATES ATTORNEY
> PAUL J. FISHMAN, UNITED STATES ATTORNEY
> 402 East State Street - Suite 430
> Trenton, New Jersey  08608
> *Attorney for Respondent*

HILLMAN, District Judge:

Omar R. Hernandez-Rivera filed a Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the

calculation of his projected release date by the Bureau of

Prisons ("BOP").  The BOP filed an Answer, together with two

declarations and several exhibits.  After reviewing the

arguments of the parties, the Court finds that the BOP did not

abuse its discretion and will dismiss the Petition.


I.   BACKGROUND

Local authorities in Puerto Rico arrested Petitioner on

August 4, 2008.  On August 21, 2008, a judge of the Commonwealth

of Puerto Rico sentenced him to 12 months in prison for a

juvenile parole violation.  On September 29, 2008, a U.S.

Magistrate Judge in the United States District Court for the

District of Puerto Rico issued a writ of habeas corpus ad

prosequendum directing the United States Marshal to take custody

of Petitioner for judicial proceedings in United States v.

Hernandez-Rivera, Crim. No. 08-330-GAG-35 (D.P.R. filed Sept.

26, 2008).[1]  Pursuant to this writ of habeas corpus ad

prosequendum, Petitioner made his initial appearance before a

United States Magistrate Judge in the District of Puerto Rico on

October 1, 2008.  It appears as if Petitioner thereafter

remained in the physical custody of the Marshal pursuant to the

writ of habeas corpus ad prosequendum, appearing before the

District Court on numerous occasions.  More specifically, on

---

[1] The six-count indictment charged Petitioner and 39 others with
conspiracy to distribute crack and related offenses.

2

August 10, 2009, Petitioner pled guilty pursuant to a plea

agreement to conspiracy to possess with the intent to distribute

between 150 and 500 grams of cocaine base within a protected

location, possession of firearms during and in relation to a

drug trafficking crime, and narcotics forfeiture.  On November

16, 2009, U.S. District Judge Gustavo A. Gelpi sentenced him to

120 months in prison "as to counts one and five to be served

concurrently with each other," and 10 years of supervised

release. (ECF No. 11 at 16.)  The judgment was entered on

November 16, 2009.[2]

On May 24, 2015, Petitioner filed an administrative remedy

request with the Warden of FCI Fort Dix challenging the failure

to give him credit against his federal sentence from the date of

his federal arrest on September 26, 2008.[3]  Petitioner also

claimed that he completed serving his Commonwealth sentence on

---

[2] Although Petitioner did not appeal, he filed a motion to
vacate, pursuant to 28 U.S.C. § 2255, in the sentencing court on
or about November 22, 2010.  See Hernandez-Rivera v. United
States, Civ. No. 10-2134 (GAG) (D.P.R. filed Nov. 22, 2010).
Judgment was entered against Petitioner on December 17, 2012,
and Petitioner did not appeal.

[3] The docket in the criminal case shows that a U.S. Magistrate
Judge issued a warrant for Petitioner's arrest on September 26,
2008, the date on which the indictment was filed.  See United
States v. Hernandez-Rivera, Crim. No. 08-0330-GAG-35 (D.P.R.
Sept. 26, 2008).

August 4, 2009, rather than August 20, 2009.  Warden

Hollingsworth denied administrative relief on June 22, 2015, but

forwarded the documentation Petitioner had provided concerning

the expiration of his Commonwealth sentence to the Designation

and Sentence Computation Center for further evaluation.  (ECF

No. 9-2 at 10.)

Petitioner appealed to the Regional Director who granted

relief to the extent of forwarding the request for prior custody

credit to the Designation and Sentence Computation Center for

review and determination as to whether he should be given

additional prior custody credit based on the alleged expiration

of the Commonwealth sentence on August 4, 2009.  (ECF No. 9-2 at

12.)  Petitioner timely appealed to the Central Office.

On November 2, 2015, Ian Connors, Administrator, National

Inmate Appeals, issued a final decision on Petitioner's

administrative appeal.  (ECF No. 9-2 at 14-16.)  Connors found

that Petitioner was arrested on August 4, 2008, by law

enforcement authorities from the Commonwealth of Puerto Rico; on

August 21, 2008, the Puerto Rico Court sentenced him to 12

months in prison for a juvenile parole revocation; on September

30, 2008, the U.S. Marshal took physical custody of Petitioner

pursuant to a writ of habeas corpus ad prosequendum; Petitioner

completed service of his Commonwealth sentence on August 4, 2009; and on November 16, 2009, the U.S. District Court for the District of Puerto Rico imposed a 120-month term of imprisonment.  The BOP determined that Petitioner's sentence commenced on November 16, 2009 (the date of imposition) and that he was entitled to prior custody credit from August 5, 2009 (the day after the Commonwealth sentence expired), through November 15, 2009 (the day before the federal sentence commenced).

   The final decision of the BOP granted Petitioner additional prior custody credit for the 16 days from August 5, 2009 through August 21, 2009, but did not give Petitioner prior custody credit for the period from August 4, 2008 (Commonwealth arrest date) through August 4, 2009, because this time was credited to his Commonwealth sentence and 18 U.S.C. § 3585(b) prohibits prior custody credit for time counted against another sentence. The BOP denied Petitioner's request for a nunc pro tunc designation because the Commonwealth sentence expired prior to imposition of the federal sentence.  Finally, the BOP denied Petitioner's request for additional good conduct time on the ground that the relevant statute, 18 U.S.C. § 3624(b), authorizes good conduct time only for time actually served rather than the length of the sentence imposed.

5

Petitioner, who is incarcerated at FCI Fort Dix in New Jersey, filed the present § 2241 Petition (under the mailbox rule) on January 27, 2016.  He seeks credit for the period from September 26 or September 30, 2008, through August 4, 2009.[4] (ECF No. 1 at 5, 10.)  He claims that the BOP erred and abused its discretion in failing to give him prior custody credit by way of a nunc pro tunc designation against his 120-month federal sentence for all the time he was detained after the U.S. Marshal took physical custody pursuant to the writ of habeas corpus prosequendum.[5]  He further argues that the BOP should have run his federal sentence retroactively concurrent to his Commonwealth sentence under U.S. Sentencing Guideline 5G1.3(b) because the Commonwealth sentence resulted from an offense that was relevant to the federal offense.

---

[4] At one point in the Petition Petitioner "seeks jail credit for the time from September 26, 2008 through August 4, 2009," (ECF No. 1 at 5), and at another point he requests "Jail Credit for the period of time including September 30, 2008 through August 4, 2009." Id. at 10.  Whether the date is September 26, 2008 or September 30, 2008, this has no effect on the Court's analysis of the legal issues Petitioner raises.

[5] Since the BOP's final administrative decision granted Petitioner prior custody credit from August 5, 2009 (day after the Commonwealth sentence expired) and November 15, 2009 (day before his federal sentence was imposed), the only time in controversy is the time from September 26, 2008, through August 4, 2009, which was credited to Petitioner's Commonwealth sentence.

The government argues that the BOP correctly calculated
Petitioner's federal release date, the BOP did not abuse its
discretion in refusing to award prior custody credit for the
period from September 26, 2008, through August 4, 2009, and
there is no evidence that the federal sentencing judge intended
to adjust Petitioner's federal sentence under U.S. Sentencing
Guideline § 5G1.3.


                            II.   DISCUSSION

A.   Jurisdiction

     Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not
extend to a prisoner unless . . . [h]e is in custody in
violation of the Constitution or laws or treaties of the United
States."  28 U.S.C. § 2241(c)(3).  A federal court has subject
matter jurisdiction under § 2241(c)(3) if two requirements are
satisfied:  (1) the petitioner is "in custody" and (2) the
custody is "in violation of the Constitution or laws or treaties
of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook,
490 U.S. 488, 490 (1989).  This Court has subject matter
jurisdiction under § 2241 to consider the instant Petition
because Petitioner challenges the calculation of his sentence on
federal grounds and he was incarcerated in New Jersey at the

                                7

time he filed the Petition.  See Blood v. Bledsoe, 648 F. 3d 203

(3d Cir. 2011); Vega v. United States, 493 F. 3d 310, 313 (3d

Cir. 2007); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241

(3d Cir. 2005); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir.

1991).

B.   Standard of Review

     Insofar as the BOP reviewed Petitioner's request

challenging the calculation of his sentence, this Court's review

is limited to the abuse of discretion standard.  See Galloway v.

Warden of FCI Fort Dix, 385 F. App'x 59, 61 (3d Cir. 2010);

Barden, 921 F.2d at 478.  Under this standard, a reviewing court

must find that the actual choice made by the agency was neither

arbitrary nor capricious.  See C.K. v. N.J. Dep't of Health &

Human Services, 92 F.3d 171, 182 (3d Cir. 1996).  "[A]gency

action must be set aside if the action was 'arbitrary,

capricious, an abuse of discretion, or otherwise not in

accordance with law'...." Citizens to Preserve Overton Park v.

Volpe, 401 U.S. 402, 414 (1971), overruled on other grounds,

Califano v. Sanders, 430 U.S. 99 (1977) (quoting 5 U.S.C. §

706(2)(A)).  To make a finding that agency action was not

arbitrary or capricious or an abuse of discretion, a court must

review the administrative record that was before the agency, and

8

"must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . .  Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one.  The Court is not empowered to substitute its judgment for that of the agency." Overton Park, 401 U.S. at 416. Reversal of agency action is warranted "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if [the court] simply cannot evaluate the challenged agency action on the basis of the record before [it]." C.K., 92 F.3d at 184 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).

C.  Analysis

The United States Code specifies when a federal sentence commences, see 18 U.S.C. § 3585(a), and requires the BOP to award prior custody credit for time served prior to commencement of the sentence which has not been credited against another sentence, see 18 U.S.C. § 3585(b).  Specifically, § 3585 provides, in relevant part:

> (a) **Commencement of sentence**.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence

at, the official detention facility at which
the sentence is to be served.

(b) **Credit for prior custody.**--A defendant
shall be given credit toward the service of
a term of imprisonment for any time he has
spent in official detention prior to the
date the sentence commences-
(1) as a result of the offense for which the
sentence was imposed; or
(2) as a result of any other charge for
which the defendant was arrested after the
commission of the offense for which the
sentence was imposed; that has not been
credited against another sentence.

18 U.S.C. § 3585(a), (b).

In addition, 18 U.S.C. § 3621(b) requires the BOP to

designate the place of imprisonment once a federal sentence

commences:

(b) **Place of imprisonment.**-- The Bureau of Prisons
shall designate the place of the prisoner's
imprisonment.  The Bureau may designate any available
penal or correctional facility that meets minimum
standards of health and habitability. . . . , that the
Bureau determines to be appropriate and suitable,
considering--

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the
sentence [that articulated the purpose behind the
sentence or offered a recommendation for placement]
. . .

> (5) any pertinent policy statement issued by the
> Sentencing Commission pursuant to section 994(a)(2) of
> title 28.

18 U.S.C. § 3621(b).

In this case, the BOP found that Petitioner's federal sentence commenced on November 16, 2009, the date it was imposed.  This determination complies with 18 U.S.C. § 3585(a), which provides that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  Accordingly, the BOP did not abuse its discretion in determining that the 120-month sentence commenced on November 16, 2009, the date on which it was imposed.[6]

The next step in calculating an inmate's release date is to determine "whether the prisoner is entitled to any credits toward his sentence [pursuant to] 18 U.S.C. § 3585." Blood v. Bledsoe, 648 F.3d 203, 207 (3d Cir. 2011).  In its final

---

[6] A federal sentence cannot commence prior to the date on which it was imposed.  See Blood v. Bledsoe, 648 F.3d 203, 208 (3d Cir. 2011) (holding that the BOP's interpretation of 18 U.S.C. § 3585 – that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed" - is entitled to deference).

11

decision, the BOP granted Petitioner prior custody credit from
August 5, 2009 (the day after his Commonwealth sentence
expired), through November 15, 2009 (the day before his federal
sentence commenced).  The dispute in this case focuses on
whether the BOP abused its discretion in determining that
Petitioner was not entitled to credit for the period from
September 26, 2008 (the date on which the federal indictment was
filed and a U.S. Magistrate Judge issued a warrant for
Petitioner's arrest) through August 4, 2009 (the date on which
his Commonwealth sentence expired).

First, Petitioner argues that this period should be
credited against his federal sentence because, as of September
30, 2008, he was in the custody of the U.S. Marshal and confined
in a federal facility as a result of his federal indictment.
The BOP found that the Commonwealth had primary jurisdiction
over Petitioner since the Commonwealth arrested him on August 4,
2008, and that the Commonwealth did not relinquish primary
jurisdiction when it turned him over to the physical custody of
the U.S. Marshal on September 30, 2008.  The BOP found that the
Commonwealth relinquished jurisdiction over Petitioner on August
4, 2009, when his Commonwealth sentence expired.[7]

---

[7] Connors found that "[o]n September 30, 2008, while in the

Where a defendant faces prosecution by both state and federal authorities, under the primary jurisdiction doctrine, the first sovereign to arrest the defendant has primary jurisdiction and is entitled to have the defendant serve that sovereign's sentence before service of the sentence imposed by the other sovereign.  See Taccetta v. Fed. Bur. of Prisons, 606 F. App'x 661, 663 (3d Cir. 2015); Bowman v. Wilson, 672 F.2d 1145, 1153 (3d Cir. 1982).  A sovereign relinquishes primary jurisdiction by releasing an arrestee on bail, dismissing the charges, or granting parole.  See Taccetta, 606 F. App'x at 663 (citing United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005)); Davis v. Sniezek, 403 F. App'x 738, 740 (3d Cir. 2010). Temporary transfer of a prisoner pursuant to a writ of habeas corpus ad prosequendum does not relinquish primary jurisdiction. See Taccetta, 606 F. App'x at 663; Rios v. Wiley, 201 F.3d 257, 274-75 (3d Cir. 2000), superseded on other grounds, see United States v. Saintville, 218 F.3d 246, 249 (3d Cir. 2000).

---

primary jurisdiction of the Commonwealth of Puerto Rico, you were temporarily released to the United States Marshals Service pursuant to a Writ of Habeas Corpus ad Prosequendum.  On August 4, 2009, you completed your Commonwealth of Puerto Rico sentence . . , thereby becoming an exclusive federal inmate." (ECF No. 9-2 at 14.)

13

In this case, the BOP correctly determined that the Commonwealth took primary jurisdiction by arresting Petitioner on August 4, 2008.  Although Petitioner was in the physical custody of federal officials from approximately September 30, 2008, through August 4, 2009, the BOP correctly determined that this transfer of Petitioner to federal authorities pursuant to a writ of habeas corpus ad prosequendum did not constitute relinquishment of primary jurisdiction by the Commonwealth. Because the time Petitioner seeks was credited against his Commonwealth sentence, 18 U.S.C. § 3585(b) prohibits the BOP from giving double credit for the time prior to imposition of the federal sentence.[8]

Next, Petitioner argues that the BOP abused its discretion in refusing to give him credit for the period from September 26, 2008, through August 4, 2009, by nunc pro tunc[9] designating the place for service of his federal sentence.  Petitioner asserts

---

[8] See United States v. Wilson, 503 U.S. 329, 333 (1992) ("[T]he final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'").

[9] "The Latin phrase 'nunc pro tunc' means 'now for then' and 'permits acts to be done after the time they should have been done with a retroactive effect.'" Sarango v. Attorney General of U.S., 651 F.3d 380, 382 n.2 (3d Cir. 2011) (quoting Barden v. Keohane, 921 F.2d 476, 478 n.2 (3d Cir. 1990)).

14

that the BOP improperly considered the criteria set forth in 18

U.S.C. § 3621(b), that he was confined in a federal detention

center throughout this period, and that the Commonwealth and

federal offenses involved related conduct.

Although the BOP has the power under 18 U.S.C. § 3621 to

effectively give an inmate double credit by <u>nunc</u> <u>pro</u> <u>tunc</u>

designating the place of confinement for a federal sentence, <u>see</u>

<u>Setser v. United States</u>, 132 S.Ct. 1463, 1467-68 (2012), the BOP

did not have the power to do so for the time period Petitioner

seeks in this case, <u>i.e.</u>, from September 26, 2008, through

August 4, 2009.  This is because Petitioner's federal sentence

commenced on November 16, 2009, 18 U.S.C. § 3585(b) prohibits

the BOP from giving a prisoner double credit through a <u>nunc</u> <u>pro</u>

<u>tunc</u> designation for time served *prior to commencement* of the

federal sentence, and a federal sentence can not commence under

18 U.S.C. § 3585(a) before the date on which it was imposed.[10]

---

[10] <u>See</u>, <u>e.g.</u>, <u>Blood v. Bledsoe</u>, 648 F.3d 203, 208 (3d Cir.
2011)(holding that the BOP's interpretation of § 3585 – that
"[i]n no case can a federal sentence of imprisonment commence
earlier than the date on which it is imposed" - is entitled to
deference); <u>Prescod, Jr. v. Schuykill</u>, 630 F. App'x 144, 147 (3d
Cir. 2015)(holding that the BOP did not abuse its discretion in
denying <u>nunc</u> <u>pro</u> <u>tunc</u> designation because "a federal sentence
cannot commence before it is imposed, 18 U.S.C. § 3585(a), and
Prescod points to no authority that holds that a <u>nunc</u> <u>pro</u> <u>tunc</u>
designation would operate to commence a sentence earlier.");
<u>Rashid v. Quintana</u>, 372 F. App'x 260 (3d Cir. 2010)(holding that

Finally, Petitioner argues that, in accordance with U.S. Sentencing Guideline § 5G1.3(b), "the Federal sentence should be run concurrent[ly] to the State sentence and the Petitioner should be credited with time spent in jail prior to sentencing." (ECF No. 1 at 8.)  However, the sentencing court, not the BOP, has the power to determine whether to run a federal sentence concurrently or consecutively to a state sentence, see Setser, 132 S.Ct. at 1469, and Petitioner does not allege that Judge Gelpi adjusted his sentence pursuant to U.S. Sentencing Guideline § 5G1.3(b)(1) by ordering the sentence to run retroactively concurrent with the expired Commonwealth sentence.[11]  Accordingly, the BOP did not abuse its discretion in failing to run the federal sentence concurrently with the Commonwealth sentence in calculating Petitioner's release date.

---

the BOP properly denied nunc pro tunc designation for time served in state custody prior to commencement of federal sentence because the federal sentence could not commence under § 3585(a) before it was imposed and because § 3585(b) prohibits double credit through a nunc pro tunc designation for time served prior to commencement of the federal sentence where that time was credited against a state sentence).

[11] Nothing in the judgment of conviction indicates that Judge Gelpi ordered the federal sentence to run concurrently with the expired Commonwealth sentence.

16

III.   CONCLUSION

To summarize, Petitioner has not shown that the BOP abused its discretion in denying his request for credit against his federal sentence for the period from September 30, 2008, through August 4, 2009.  The Court will dismiss the Petition for a writ of habeas corpus.  An appropriate Order accompanies this Opinion.

                                    s/Noel L. Hillman
                                    NOEL L. HILLMAN, U.S.D.J.

Dated:  September 14, 2015

At Camden, New Jersey